**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE CHEF'S WAREHOUSE | : | |
| MID-ATLANTIC, LLC | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 25-721 |
| | : | |
| BAYOU BOYS LLC | : | |
| | : | |

**MEMORANDUM OPINION**

Henry, J.                                                                 September 3, 2025

Plaintiff, The Chef's Warehouse Mid-Atlantic, LLC ("The Chef's Warehouse"), sued Defendant, Bayou Boys LLC ("Bayou Boys"), in connection with outstanding balances pursuant to two credit agreements. The Chef's Warehouse now moves for entry of default judgment against Bayou Boys, who has failed to respond or otherwise participate in this litigation. I now grant The Chef's Warehouse's motion, enter default judgment, and approve an award of $141,878.89.

## I.   BACKGROUND

The Court should accept as true the well-pleaded factual allegations of a complaint on consideration of a motion for default judgment. *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008). The facts as set forth in the Complaint are as follows: The Chef's Warehouse operates a restaurant supply company. ECF No. 1 ("Compl.") at ¶ 5. Bayou Boys operates a restaurant—The Bayou—in Bethlehem, Pennsylvania, and formerly operated another restaurant—The Bayou Easton—in Easton, Pennsylvania. *Id.* at ¶ 6. Bayou Boys purchased restaurant supplies for its Bethlehem location from The Chef's Warehouse in the amount of $35,537.98 pursuant to a credit agreement between the parties commencing February 22, 2023 and ending September 20, 2023 (the "Bayou account"). *Id.* at ¶ 7; Ex. 1. Bayou Boys

has not disputed any invoice for the Bayou account, but it has failed to pay on it pursuant to the credit agreement. *Id.* at ¶¶ 8-9. Bayou Boys owes an outstanding balance of $35,502.98 on the Bayou account. *Id.* at ¶ 10; Ex. 1.

Bayou Boys purchased additional restaurant supplies for its Easton location from The Chef's Warehouse in the amount of $106,943.37 pursuant to a credit agreement between the parties commencing February 1, 2023 and ending March 1, 2024 (the "Bayou Easton account"). *Id.* at ¶ 11; Ex. 2. Bayou Boys has not disputed any invoice for the Bayou Easton account, but it has failed to pay on it pursuant to the credit agreement. *Id.* at ¶¶ 8-2, 9-2.[1] Bayou Boys owes an outstanding balance of $106,375.91 on the Bayou Easton account, with a total unpaid balance of $141,878.89 owed to The Chef's Warehouse between both accounts. *Id.* at ¶¶ 10-2, 11-2; Ex. 2.

In February of 2025, The Chef's Warehouse sued Bayou Boys, bringing claims for breach of contract, unjust enrichment, and account stated and asking the Court to enter judgment in its favor in the amount of $141,878.89 together with costs and interest. Although Bayou Boys waived service through counsel, *see* ECF No. 5, they never otherwise responded to the Complaint. The Clerk of Court entered default against Bayou Boys in April of 2025. *See* ECF No. 7. The Chef's Warehouse moved for default judgment on April 29, 2025, *see* ECF No. 10, which the Court denied with leave to amend due to inconsistent dollar amounts with the Complaint, *see* ECF No. 11. The Chef's Warehouse filed the instant Motion for Default Judgment on June 10, 2025, *see* ECF No. 12, and the Court held a hearing on the Motion on July 7, 2025.

## II.   <u>SERVICE</u>

Before entering default judgment, the Court must determine whether the defendant was properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). I find

---

[1] The Complaint contains two each of the numbered paragraphs 8, 9, 10, and 11. I cite to the second occurrence of the relevant paragraph number with a "-2" following the paragraph number.

that service is proper here, where The Chef's Warehouse filed a waiver of service returned executed by attorney Graig M. Schultz on behalf of Bayou Boys pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  *See* ECF No. 5.

### III.   <u>JURISDICTION</u>

The next task before the Court is to determine whether jurisdiction is proper.  *See D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (internal quotations omitted).  In considering both subject matter and personal jurisdiction, I am satisfied that jurisdiction is proper in this case.

#### A.  Subject Matter Jurisdiction

The Court properly has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties have complete diversity.  The Chef's Warehouse is a Delaware limited liability company with its registered office in Connecticut.  Bayou Boys is a Pennsylvania limited liability company with its registered office in Pennsylvania.  The amount in controversy is at least $141,878.89, well exceeding the minimum of $75,000 required in diversity cases.

#### B.  Personal Jurisdiction

The Court also has personal jurisdiction over Bayou Boys.  Personal jurisdiction can be either general or specific.  *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).  "General jurisdiction allows a court to exercise jurisdiction over the defendant unrelated to the Plaintiff's cause of action but requires that the defendant's contacts be 'so "continuous and systematic" as to render them essentially at home in' this state." *Camber Spine Techs. v. Intermed Res. TN, LLC*, No. 22-cv-3648, 2023 WL 5182597, at *4 (E.D. Pa. Aug. 11, 2023) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  A corporation is

3

considered "at home" where it is incorporated and where it has its principal place of business.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  This rule applies to limited liability companies with "equal force."  *Blanding v. Walmart Inc.*, No. 23-cv-5142, 2024 WL 3433321, at *3 (E.D. Pa. July 15, 2024).  Bayou Boys is a Pennsylvania limited liability company and has its registered offices in Pennsylvania.  Therefore, Bayou Boys is to be considered "at home" in Pennsylvania, giving this Court general personal jurisdiction over it.

## IV.    LEGITIMATE CAUSE OF ACTION

Next, the Court must determine "whether the unchallenged facts constitute a legitimate cause of action."  *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015).  The Chef's Warehouse brings three causes of action against Bayou Boys:  (1) breach of contract; (2) unjust enrichment; and (3) account stated.

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages.  *See Hartford Cas. Ins. Co. v. MRH Contractor, Inc.*, No. 23-cv-1567, 2024 WL 3904049, at *2 (E.D. Pa. Aug. 22, 2024) (citing *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)).[2]  Here, The Chef's Warehouse has

---

[2] The complaint and motion for default judgment do not mention a choice of law provision.  Federal courts sitting in diversity apply the choice of law rules of the state in which they sit.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  In Pennsylvania, if the parties have not agreed upon a choice of law, the Court follows a two-step process.  *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp. 2d 474, 486-87 (E.D. Pa. 2009).  First, the Court determines if there is a conflict between the applicable state laws.  *Id.* at 487.  If there is no conflict, then Pennsylvania law applies.  *Id.*  It is only if there is a conflict that the Court proceeds to the second step, which is to determine "which state has the greater interest in the application of its law."  *Id.*

Here, the parties are from Pennsylvania, Delaware, and Connecticut.  There is no conflict here between the states' breach of contract law.  *Compare Discover Bank v. Booker*, 259 A.3d 493, 495 (Pa. Super. 2021) ("Three elements are necessary to plead properly a cause of action for breach of contract:  '[(1)] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'") (internal citations omitted); *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003) ("Under Delaware law, the elements of a breach of contract claim are:  1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff."); *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 87 A.3d 534, 540 (Conn. 2014) ("The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages.").  Although the elements in Connecticut differ

alleged that (1) it entered into two credit agreements with Bayou Boys, *see* Compl. at ¶¶ 7, 11; (2) Bayou Boys breached the contracts by failing to pay on the accounts as required by the terms of the credit agreements, *see id.* at ¶¶ 9, 9-2; and (3) the breaches resulted in damages totaling $141,878.89, *see id.* at ¶ 11-2.  I find that these allegations are sufficient to state a claim for breach of contract.

Because The Chef's Warehouse adequately alleges a claim for breach of contract, I need not address its claims for unjust enrichment and account stated, which "rest on the same allegations and request the same relief as the breach of contract claim."  *Hartford Cas. Ins. Co.*, 2024 WL 3904049, at *2 n.3.

## V.    <u>ENTRY OF DEFAULT JUDGMENT</u>

Finally, the Court addresses whether it should enter default judgment by assessing three factors:  "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  In weighing the three *Chamberlain* factors, I hold that entry of default judgment is warranted.

First, a denial of default judgment will prejudice The Chef's Warehouse.  A plaintiff "will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate his or her claims."  *United States v. Tran*, No. 21-cv-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotations omitted); *see also Trs. of the Nat'l. Elevator Indus. Pension Plan v. Universal Elevator Corp.*, No. 11-cv-3381, 2011 WL 5341008, at *3 (E.D. Pa. Nov. 3, 2011) ("Clearly, Plaintiffs will suffer prejudice if this Court denies their motion for default judgment; Plaintiffs are not receiving

---

slightly, they would result in the same outcome as the elements as applied in Pennsylvania and Delaware.  Therefore, the Court need not address the second step of the choice of law inquiry and can apply Pennsylvania law.

payments owed them.").  Here, over six months have passed since The Chef's Warehouse filed

suit and served Bayou Boys, who has not participated in the litigation beyond waiving service.

The Chef's Warehouse has no other recourse for the money Bayou Boys owes absent litigation, so

the first factor weighs in favor of entering default judgment.

As to the second factor—whether the defendant has a litigable defense—it is well

established that when a party does not answer or otherwise respond to the complaint, the Court

may presume that it has "no meritorious defense."  *Joe Hand Promotions, Inc. v. Yakubets*, 3 F.

Supp. 3d 261, 271 (E.D. Pa. 2014).  Therefore, I will presume that Bayou Boys has no litigable

defense and find that this factor weighs in favor of default judgment.

The third factor is neutral, if not weighing in favor of default judgment.  Courts are divided

on how to weigh whether the defendant's delay is due to its own culpable conduct.  Some courts

consider this factor neutral when the defendant's motivations for not participating in the litigation

are unclear, and others find that failure to participate in litigation is sufficient to satisfy culpable

conduct.  *See Hartford Cas. Ins. Co.*, 2024 WL 3904049, at *3.  Bayou Boys accepted service of

the Complaint but did not otherwise enter an appearance or otherwise participate in the case, which

may indicate culpability.  *See Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-cv-5412, 2022

WL 1720014, at *3 (E.D. Pa. May 26, 2022) (holding that the defaulting defendant's delay was

due to its own culpable conduct where its authorized agent received the complaint and summons

but knowingly decided not to enter an appearance or otherwise defend itself in the case).  But even

if I give Bayou Boys the benefit of the doubt and consider this factor to be neutral, the totality of

all three factors weighs in favor of granting default judgment against Bayou Boys.

## VI.  <u>DAMAGES</u>

Having found that default judgment is appropriate in this case, I now calculate damages.

The Court need not accept as true the moving party's factual allegations in the complaint relating

to the appropriate amount of damages. *Broad. Music, Inc.*, 555 F. Supp. 2d at 541. Rather, "[t]he plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 WL 3429444, at *1 (E.D. Pa. June 23, 2020).

The Chef's Warehouse included in its motion for default judgment and entered into evidence at the July 7, 2025 hearing—along with the supporting testimony of one of its account management employees—two spreadsheets showing the invoices and amounts due pursuant to each of the two credit agreements. *See* ECF No. 12, Ex. 1 & 2. I am satisfied with this evidence as proof of The Chef's Warehouse's entitlement to its claimed $141,878.89 in damages.

**VII.    CONCLUSION**

For the reasons discussed more fully above, default judgment is entered against Bayou Boys for an amount of $141,878.89. An appropriate Order follows.